# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JAQUELINE BASULTO, et. al., | § | |
| | § | |
| v. | § | 1:21-CV-592-RP |
| | § | |
| NATHAN SPROUL, et. al. | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT L. PITMAN
      UNITED STATES DISTRICT JUDGE

Before the undersigned are Defendant Kanye2020's motion to dismiss, Dkt. 4; Defendants Lincoln Strategy Group, LLC, Fortified Consulting, LLC, and Nathan Sproul's ("Lincoln Defendants," and with Kanye2020, "Defendants") motion to dismiss, Dkt. 8; and all related briefing. After reviewing these filings, the relevant case law, the parties' respective responses, and replies, the undersigned issues the following report and recommendation.

### I.   BACKGROUND

Plaintiff SeedX, Inc. is a marketing and web development company that Jacqueline Basulto and Justin Rashidi (together with SeedX, Inc., "Plaintiffs") founded in 2016. Dkt. 1-4, at 6. SeedX is incorporated in Delaware, and as of March 2021, is authorized to do business in Texas. *Id.*; *see id.*, at 75, 84. While Basulto serves as the CEO of SeedX, Rashidi handles strategy and operations for the company. Dkt. 1-4, at 7. Plaintiffs allege that in June 2020, a Lincoln representative reached out to SeedX to "discuss potential work opportunities." *Id.* at 11. Lincoln, a Virginia-based

1

political action committee, and SeedX entered into an agreement for SeedX to provide marketing and web development services to Lincoln, and executed a non-disclosure agreement to cover this work. *Id.* at 12. Plaintiffs allege that, despite providing service to Lincoln for over three months, Lincoln failed to compensate Plaintiffs for their work. *Id.* at 12-13.

Plaintiffs further allege that in late summer 2020, Lincoln used Basulto and Rashidi's "images on their website" to "bill themselves as innovative and attract" Kanye2020 as a consulting client. *Id.* at 15. Sproul, founder of Lincoln, then founded Fortified, an Arizona-based organization, specifically to consult for the Kanye2020 campaign. *Id.* In fall 2020, Sproul asked SeedX to provide marketing and web development services for the Kanye2020 campaign, and the parties verbally agreed that SeedX would create a website for the campaign within ten days. *Id.* at 16. After completing the project for the Kanye2020 campaign, SeedX requested payment from Fortified for its services multiple times, to no avail. *Id.* at 20. While SeedX sought $2,000,000.00 for its services in support of the Kanye2020 campaign, Sproul offered to compensate it only $20,000.00. *Id.* at 22. Because Plaintiffs believe Sproul's offer was "substantially below the value of the services provided," they filed this lawsuit to vindicate their right to full compensation. *Id.* at 22.

Defendants now move to dismiss Plaintiffs' complaint for lack of personal jurisdiction, as they are all located out-of-state and argue that any connection they have to Texas is not substantial enough to confer jurisdiction over them. Dkts. 4, 8. The undersigned will address each motion to dismiss below.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id*. But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id*. Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

## III. DISCUSSION

### A. Kanye2020's Motion to Dismiss

Kanye2020 moves to dismiss Plaintiffs' claims against it, arguing that the complaint fails to allege jurisdiction over it, and in any event, neither general nor specific jurisdiction exists over Kanye2020. Dkt. 4. Initially, the undersigned finds that there is no general jurisdiction over Kanye2020 given that it is a Wyoming-based organization and Plaintiffs have failed to plead any facts that would suggest that

3

Kanye2020's ties to Texas are so "continuous and systemic" so as to render it "essentially at home" in Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). As Kanye2020 points out, Plaintiffs' arguments regarding Kanye2020's involvement as the ultimate client to the contract between Fortified and SeedX apply to specific, not general, jurisdiction. Dkt. 15, at 4. Moreover, the "phone call conversations and email exchanges" Plaintiffs point to in their response cannot support a finding of general jurisdiction over Kanye2020 in Texas. *Renoir v. Hantman's Assocs., Inc.,* 230 F. App'x 357 (5th Cir. 2007) (Maryland company not subject to personal jurisdiction in Texas sellers' breach of contract action, even though company had negotiated and contracted via phone, email and mail with sellers).

Plaintiffs have also failed to plead factual allegations demonstrating that Kanye2020 purposefully availed itself of "the benefits and protections of" Texas so as to support the exercise of specific jurisdiction over Kanye2020. *Panda Brandywine*, 253 F.3d at 867 ("Exercising personal jurisdiction over a nonresident defendant is consistent with due process when … that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state."). Initially, the undersigned notes that at the time Fortified contracted SeedX to create a campaign website for Kaney2020, SeedX was not yet authorized to conduct business in Texas. SeedX in fact listed Los Angeles, California or Reno, Nevada as its locations in the written agreement executed between SeedX and Fortified in July 2020—casting doubt on SeedX's assertion that it was a Texas

4

party at the time the contract at issue in this lawsuit was executed. Dkt. 8-1, at 5, 7; Dkt. 1-4, at 16.

Even assuming SeedX was a Texas-based entity at the time it agreed to provide web development services to Fortified and Kanye2020, Plaintiffs' connections to the forum state are not sufficient to confer personal jurisdiction over Kanye2020—even if it was aware that SeedX planned to provide those services from Texas.[1] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) ("plaintiff's own contacts with the forum cannot be used to demonstrate contacts by the defendant"). The undersigned further notes that, according to Plaintiffs' own complaint, the contract at issue was between Fortified and SeedX, and Fortified's contacts with SeedX or Texas cannot form the basis for specific jurisdiction over Kanye2020 in Texas. Dkt. 1-4, at 16; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

Plaintiffs argue that Kanye2020 "engaged in direct contact and conduct with a Texas corporation" so as to establish minimum contacts between the campaign and this forum, yet even if true, such contacts with a Texas party is insufficient to confer specific jurisdiction over an out-of-state defendant. Dkt. 11, at 17; Dkt. 1-4, at 16. Even if Kanye2020 was involved in the contract between Fortified and SeedX, and

---

[1] Plaintiffs claim that because Fortified declined to reimburse SeedX's travel expenses, Kanye2020 knew that SeedX's work was expected to be performed in Texas. Dkt. 1-4, at 18.

5

knew SeedX planned to provide its web development services from Texas, "merely contracting with a resident of the forum state" and "communicat[ing]" with them regarding "the performance of a contract themselves are insufficient to establish minimum contacts." *Boomerang Recoveries, LLC v. Farmers Ins. Co. of Flemington*, No. W-14-CV-393, 2014 WL 12495298, at *2 (W.D. Tex. Nov. 21, 2014); *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) ("It is clearly established that merely contracting with a resident of the forum state does not establish minimum contacts.")

Plaintiffs also claim, without support, that Kanye2020 "purposefully direct[ed] its campaign activities towards Texas," yet as Defendants point out, Kanye West did not even appear on the ballot in Texas during the 2020 election. Dkt. 11, at 17; Dkt. 4-2, at 2. In any event, Plaintiffs provide no factual support for their contention that Kanye2020 directed its activities towards Texas other than the fact that it received contributions from Texan donors using the nationally-available campaign website SeedX created in Texas. Dkt. 1-4, at 16-19. Even accepting Plaintiffs' allegations as true, they are "constitutionally insufficient" to establish jurisdiction over Kanye2020, and as such, the undersigned will recommend that Plaintiffs' claims against Kanye2020 be dismissed. *See Panda Brandywine*, 253 F.3d at 868-89 (allegation that nonresident knew actions would cause harm in Texas insufficient to support specific jurisdiction).

B.   **The Lincoln Defendants' Motion to Dismiss**

The Lincoln Defendants similarly move to dismiss Plaintiffs' claims against them for lack of personal jurisdiction. *See* Dkt. 8. Plaintiffs once again argue that this

6

Court may exercise either general or specific jurisdiction over the Lincoln Defendants merely because they entered into a contract with SeedX, a now Texas-based company. Dkt. 13-1, at 15-26. Plaintiffs' factual allegations, even if accepted as true, all revolve around the contract whereby SeedX created a website that Fortified provided to Kanye2020 as part of its consulting activities for the campaign. *Id.* at 18-24. Yet SeedX's own connections to Texas cannot form the basis for exercising personal jurisdiction over the Lincoln Defendants, and as noted above, merely contracting with a Texas-based party is insufficient to hale out-of-state defendants to this forum. *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 684 (S.D. Tex. 2014).

Indeed, contracting with a Texas-based party, and continuing to communicate with them regarding the contract, is insufficient to confer specific jurisdiction over an out-of-state defendant, let alone general jurisdiction. *Colwell Realty Invs., Inc. v. Triple T Inns of Ariz., Inc.*, 785 F.2d 1330, 1334 (5th Cir. 1986) ("merely contracting with a resident of the forum state is insufficient here to subject the nonresident to the forum's jurisdiction."); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("this court has repeatedly held that the combination of … engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish minimum contacts"). Plaintiffs have cited to no contrary authority, or alleged any other basis for exercising jurisdiction over the Lincoln Defendants apart from the contract at issue here. *See* Dkt. 1-4; Dkt. 13-1.

Because contacts based on the contract between Fortified and SeedX are insufficient to establish either general or specific jurisdiction over the Lincoln Defendants in Texas, the undersigned will recommend that Plaintiffs' claims against the Lincoln Defendants likewise be dismissed.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court grant Kanye2020's motion to dismiss, Dkt. 4, and dismiss Plaintiffs' claims against it without prejudice. The undersigned further **RECOMMENDS** that the District Court grant the Lincoln Defendants' motion to dismiss, Dkt. 8, and dismiss Plaintiffs' claims against them without prejudice.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

8

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

Signed November 2, 2021.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE